1  THOMAS J. WARWICK, JR., #56200
   STACEY A. KARTCHNER, #225507
2  GRIMES & WARWICK
   2664 Fourth Avenue
3  San Diego, California 92103-6515
   Telephone: (619) 232-0600
4

5  Attorneys for Gabino Palafox

6

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10               (HON. LOUISA S. PORTER)

11  UNITED STATES OF AMERICA,       )    Criminal No. 05cr2852-JAH
                                    )
12                                  )
           Plaintiff,               )    **MEMORANDUM OF POINTS
13                                  )    AND AUTHORITIES IN SUPPORT
                                    )    OF DEFENDANT'S MOTIONS
14  v.                              )    TO:**
                                    )
15                                  )    **1)    COMPEL DISCOVERY; and
    GABINO PALAFOX,                 )    2)    FOR LEAVE TO FILE
16                                  )          FURTHER MOTIONS**
                                    )
17         Defendant.               )
                                    )
18  ─────────────────────────────────

19                      **I.**

20              **STATEMENT OF FACTS**

21       Without admitting to the facts as set forth herein, the Government alleges that

22  Gabino Palafox conspired together and with others to commit an offense against the

23  United States, to wit: to introduce into interstate commerce a

24  device that is adulterated in that it lacks approval for marketing from the Food and Drug

25  Administration, in violation of Title 21, United States Code, Sections 331(a), 351(f), and

26  333(a)(1).

27       It is alleged that between on or about October 15, 2002, and continuing through on

28  or about March 16, 2005, within the Southern District of California, Gabino Palafox

1  introduced into interstate commerce a device, to wit, the Energy Wellness machine, that is

2  adulterated in that it lacks approval for marketing from the Food and Drug

3  Administration, a misdemeanor, in violation of Title 21, United States Code, Sections

4  331(a), 351(f), and 333(a)(1).

## II.

### MOTION TO COMPEL FURTHER DISCOVERY

7  (1)     The Defendant's Statements.  Under Fed. R. Crim. P. 16 (a)(1)(A), the

8  defendant is entitled to the disclosure of all copies of any written or recorded statements

9  made by the defendant; the substance of any statements made by the defendant which the

10  Government intends to offer in evidence at trial; any response by the defendant to

11  interrogation; the substance of any oral statements which the Government intends to

12  introduce at trial, and any written summaries of the defendant's oral statements contained

13  in the handwritten notes of the government agent; any response to any Miranda warnings

14  which may have been given to the defendant (see United States v. McElroy, 697 F. 2d

15  459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable

16  under Fed. R. Crim. P. 16(a)(1)(A).  The Advisory Committee Notes, as well as the 1991

17  amendments to Rule 16, make it clear that the Government must reveal all of the

18  defendant's statements, whether oral or written, regardless of whether the Government

19  intends to introduce those statements.

20  (2)     Arrest Reports, Notes, and Audio and/or Video Tapes.  Mr. Palafox also

21  specifically requests that all arrest reports, notes, and all audio and/or video tapes that

22  relate to the circumstances surrounding his arrest or any questioning, if such reports,

23  notes, records, reports, transcripts, or other documents in which statements of the

24  defendant or any other discoverable material is contained.  This is all discoverable under

25  Fed. Rule. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963).  (See also

26  United States v. Johnson, 525 F. 2d 911 (9th Cir. 1968).)  Arrest reports, investigator's

27  notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution

28  reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and

1  ( C), Fed. R. Crim. P. 26.2 and 12(I).

2  (3)     Reports of Tests and/or Examinations. Pursuant to Fed. R. Crim. P. 169(D),
3  Mr. Palafox requests the reports of all tests and examinations conducted upon the
4  evidence in this case, including, but not limited to, any fingerprint testing done upon
5  any evidence obtained in this case that is within the possession, custody, or control of the
6  Government, the existence of which is known, or by the exercise of due diligence may
7  become known, to the attorney for the Government, and which are material to the
8  preparation of the defense or which are intended for use by the Government as evidence
9  in chief at the trial.  Mr. Palafox also requests copies of any reports of physical and
10  mental examinations which are material to the defense or intended for use by the
11  Government as evidence at the trial.  (Fed. R. Crim. P. 16(a)(1)(D).)

12       (4)     Brady Material. Mr. Palafox requests all documents, statements, agents'
13  reports, and tangible evidence favorable to the defendant on the issue of guilt and/or
14  which affects the credibility of the Government's case.  Impeachment, as well as
15  exculpatory evidence, falls within Brady's definition of evidence favorable to the
16  accused.  (United States v. Bagley, 473 U.S. 667 (1985).)  This request specifically
17  includes any information about out-of-court identifications of Mr. Palafox by percipient
18  witnesses to any transactions.

19       (5)     Evidence Seized. Mr. Palafox requests that all surveillance and any other
20  relevant tapes, photographs, or any other physical evidence that may be destroyed, lost,
21  or otherwise put out of the possession, custody, or care of the Government and which
22  relate to the arrest or the events leading to the arrest in this case be preserved.  This
23  request specifically includes, but is not limited to, any and all audio tapes of monitored
24  telephonic communications, and any evidence seized from any third party.  It is requested
25  that the Government be ordered to question all of the agencies and individuals involved in
26  the prosecution and investigation of this case to determine if such evidence exists and, if
27  it does exist, to inform those parties to preserve any such evidence.  Specifically, the
28  defense requests the preservation and opportunity to inspect and copy all physical

1    evidence that is allegedly involved in this case.

2    (7)    Tangible Objects. Mr. Palafox requests, under Fed. R. Crim. P. 16(a)(2)( c),

3    the opportunity to inspect and copy, as well as test, if necessary, all other documents and

4    tangible objects, including photographs, books, papers, documents, photographs of

5    buildings or places, or copies of portions thereof, which are material to the defense or

6    intended for use in the Government's case-in-chief, or were obtained from or belong to

7    the defendant.

8    (8)    Evidence of Bias or Motive to Lie. Mr. Palafox requests any evidence that

9    any prospective Government witness is biased or prejudiced against the defendant, or has

10    a motive to falsify or distort his or her testimony.  This request specifically includes, but

11    is not limited to, any evidence that the percipient informant-witnesses are biased against

12    the defendant, or has a motive to falsify or distort their testimony.  (Pennsylvania v.

13    Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F. 2d 1197 (9th Cir. 1988).)

14    (9)    Impeachment Evidence.  Mr. Palafox requests any evidence that any

15    prospective Government witness has engaged in any criminal act, whether or not resulting

16    in a conviction, and whether any witness has made a statement favorable to the defendant.

17    See Fed. R. Evid. 608, 609, and 613.  Such evidence is discoverable under Brady v.

18    Maryland, supra.  (See United States v. Strifler, 851 F. 2d 1197 (9th Cir. 1988) (witness'

19    prior record); and Thomas v. United States, 343 F. 2d 49 (9th Cir. 1965) (evidence that

20    detracts from a witness' credibility).)

21    (10)    Evidence of Criminal Investigation of Any Government Witness.

22    Mr. Palafox requests any evidence that any prospective witness is under investigation by

23    federal, state, or local authorities for any criminal conduct.  (See United States v. Chitty,

24    760 F. 2d 425 (2d Cir.) Cert. denied, 474 U.S. 945 (1985).)

25    (11)    Evidence Affecting Perception, Recollection, Ability to Communicate, or

26    Truth Telling.  The defense requests any evidence, including any medical or psychiatric

27    report or evaluation, tending to show that any prospective witness' ability to perceive,

28    remember, communicate, or tell the truth is impaired; and any evidence that a witness has

4                                07cr2852-JAH

1  ever used narcotics or other controlled substance, or has ever been an alcoholic.  (United
2  States v. Strifler, 851 F. 2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F. 2d 213,
3  224 (4th Cir. 1980).)

4       (12)  Name of Witnesses Favorable to the Defendant.  Mr. Palafox requests the
5  name of any witness who made an arguably favorable statement concerning the
6  defendant.  (Jackson v. Wainright, 390 F. 2d 288 (5th Cir. 1968); Chavis v. North
7  Carolina, 637 F. 2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F. 2d 1164, 1168 (6th
8  Cir.), cert denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F. 2d 785 (5th Cir.
9  1979), cert denied, 444 U.S. 1086 (1980).)

10      (13)  Statements Relevant to the Defense.  Mr. Palafox requests disclosure of any
11  statement that may be "relevant to any possible defense or contention" that he might
12  assert.  (United States v. Bailleaux, 685 F. 2d 1105 (9th Cir. 1982).)

13      (14)  Jencks Act Material.  The defense requests all material to which defendant
14  is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2.
15  These materials are producible after a witness testifies at a pretrial motion to suppress,
16  Fed R. Crim. P. 12(I), and after a witness testifies at trial.  (18 U.S.C. § 3500.)  Mr.
17  Palafox specifically requests pretrial production of these statements so that the court may
18  avoid unnecessary recesses and delays for defense counsel to properly use and Jencks
19  statements and prepare for cross-examination.  A verbal acknowledgment that "rough"
20  notes constitute an accurate account of the witness' interview is sufficient for the report or
21  notes to qualify as a statement under 18 U.S.C. § 3500(e)(1).  (Campbell v. United
22  States, 373 U.S. 487, 490-92 (1963).)  In United States v. Boshell, 952 F. 2d 1101 (9th
23  Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the
24  subject of the interview the notes are then subject to the Jencks Act.

25      (15)  Giglio Information.  Pursuant to Giglio v. United States, 405 U.S. 150
26  (1972), Mr. Palafox requests all statements and/or promises, express or implied, made to
27  any government witnesses, in exchange for their testimony in this case, and all other
28  information which could arguably be used for the impeachment of any government

1    witness.

2        (16)   Grand Jury Transcripts.  Transcripts of all testimony given before the Grand

3    Jury and those portions of Grand Jury minutes containing relevant testimony of persons

4    whom the Government intends to call as witnesses in an evidentiary hearing or trial in

5    the above-captioned case.

6        (17)   Government Examination of Law Enforcement Personnel Files.  Mr.

7    Palafox requests that the Government examine the personnel files and any other files

8    within its custody, care, or control, or which could be obtained by the Government, for all

9    testifying witnesses, including testifying officers and agents who may have been

10   controllingor contacting any confidential informant in this case.  Mr. Palafox requests that

11   the Assistant U.S. Attorney assigned to this case ensure that a review is conducted of all

12   such files involved in the present case for evidence of perjurious conduct or other like

13   dishonesty, or any other material relevant to impeachment, or any information that is

14   exculpatory, pursuant to its duty under United States v. Henthorn, 931 F. 2d 29 (9th Cir.

15   1991).

16       (18)   Expert Witnesses.  Mr. Palafox requests the name, qualifications, and a

17   written summary of the testimony of any person that the Government intends to call as an

18   expert witness during its case-in-chief.  (Fed. R. Crim. P. 16(a)(1)(E).)

19       (19)   Any Information That May Result in a Lower Sentence.  As discussed

20   above, this information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963).

21   This request includes any cooperation or attempted cooperation by the defendant, as well

22   as any information that could affect any base offense level or specific offense

23   characteristic under Chapter Two of the Guidelines.  Also included in this request is any

24   information relevant to a Chapter Three adjustment, a determination of the defendant's

25   criminal history, or any other application of the Guidelines.

26       (20)   The Defendant's Prior Record.  Evidence of prior record is available under

27   Fed. R. Crim. P. 16(a)(1)(B).

28       (21)   Any Proposed 404(b) Evidence.  Evidence of prior similar acts is

1    discoverable under Fed. R. Crim. P. 16(a)(1)( C) and Fed. R. Evid. 404(b) and 609.  In

2    addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution. . .

3    shall provide reasonable notice in advance of trial. . . of the general nature . . ." of any

4    evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial.  The

5    defendant requests that such notice be given three (3) weeks before trial in order to give

6    the defense time to adequately investigate and prepare for trial.

7          (22)    Residual Request.  Mr. Palafox intends by this discovery motion to invoke

8    his rights to discovery to the fullest extent possible under the Federal Rules of Criminal

9    Procedure and the Constitution and laws of the United States.  Mr. Palafox also requests

10   that the Government provide him with the above material sufficiently in advance of trial

11   so as to avoid unnecessary delay prior to cross examination.

12                                      **III.**

13   **MR. PALAFOX REQUESTS LEAVE TO FILE FURTHER MOTIONS**

14         As noted above, Mr. Palafox and defense counsel have received voluminous

15   discovery in this case.  As new information comes to light, however, due to Government

16   providing discovery in response to these motions or an order of this Court, the defense

17   may find it necessary to file further motions.  It is therefore requested that defense

18   counsel be allowed the opportunity to file further motions based upon information gained

19   through the discovery process.

20                                      **IV.**

21                                 **CONCLUSION**

22         For the foregoing reasons, Mr. Palafox respectfully requests that this Court grant

23   the above motions.

24   Dated: _____          Respectfully submitted,

25                                       s/Thomas J. Warwick, Jr.
                                         THOMAS J. WARWICK, JR.
26                                       STACEY A. KARTCHNER
                                         GRIMES & WARWICK
27                                       Attorneys for Gabino Palafox

28